UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

LISA D. MANGHAM　　　　　　　　　　CIVIL ACTION NO. 05-0762

versus　　　　　　　　　　　　　　　　JUDGE WALTER

COMMISSIONER OF THE SOCIAL　　　**REFERRED TO:**
SECURITY ADMINISTRATION　　　　　**MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Lisa Mangham ("Plaintiff") has a high school education and no vocationally relevant past work experience. She alleges that she became disabled in June 1999 due primarily to spinal stenosis and back pain. Plaintiff was 39 years old when ALJ Larry Butler denied her claim.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was automatically referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Summary of the ALJ's Decision**

The evidence showed that Plaintiff had a history of degenerative disk disease and

related back pain. She was also obese. (Plaintiff testified at the hearing that she was 5' 7" tall and weighed 316 pounds. Tr. 181.) She also complained of depression.

The ALJ analyzed the claim pursuant to the five-step sequential analysis set forth in 20 C.F.R. § 404.1520 (governing claims for disability insurance benefits) and § 416.920 (parallel regulations governing claims for Supplemental Security Income) and described in Barnhart v. Thomas, 124 S.Ct. 376, 379-80 (2003). He found that Plaintiff was not working (step one) and had degenerative disk disease of the lumbar spine, an impairment that is severe within the meaning of the regulations (step two) but not severe enough to meet or medically equal a listing (step three). The ALJ found that Plaintiff's alleged depression would not be expected to interfere with her ability to work so was not a severe impairment.

The ALJ then reviewed the medical evidence and testimony to assess Plaintiff's residual functional capacity ("RFC"). He determined that Plaintiff had the RFC for the full range of sedentary work. Plaintiff's claim then survived step four of the analysis because she had no past relevant work of consequence, shifting the burden to the Commissioner at step five to show that there are other jobs existing in significant numbers in the economy that Plaintiff can perform consistent with her RFC, age, education and work experience. The ALJ looked to Medical-Vocational Rule 201.27 to direct a conclusion of not disabled.

**Issues on Appeal**

Plaintiff lists three errors on appeal. She argues that the ALJ (1) failed to consider her obesity appropriately, (2) did not follow a special technique required by the regulations when

assessing Plaintiff's claim of depression, and (3) did not have substantial evidence to support the finding that Plaintiff can perform the full range of sedentary work.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Issue One: Obesity**

Plaintiff's height and weight indicate she has a body mass index indicative of extreme obesity. There is no longer a listing for obesity, but the condition must nonetheless be considered in determining whether a claimant has a severe impairment, whether the listings are satisfied and whether the claimant can do past or other work. There is no specific level of weight or body mass index that equates with a severe or not severe impairment, and merely falling within a category such as severe, extreme or morbid obesity does not establish whether obesity is a severe impairment. Rather, the agency is to perform an individualized assessment of the impact of obesity on an individual's functioning, such as whether the

obesity causes exertional or postural limitations. See Social Security Ruling 02-1p.

The ALJ mentioned Plaintiff's obesity when summarizing Plaintiff's testimony (Tr. 18), and obesity was twice mentioned during a summary of medical records from LSUHSC. Tr. 19. The ALJ also noted that consultative orthopedic physician Edwin Simonton, Jr., M.D., found Plaintiff to be obese during his physical examination. Tr. 19. Dr. Simonton found that Plaintiff did have objective evidence of recurrent disk herniation but did not have adequate clinical findings to substantiate the presence of nerve root pressure. He opined that Plaintiff "presented substantial symptom magnification with complaint of back pain with any other maneuvers not designed to do so." He concluded that there was "no reason why this woman can not return to work as a secretary or receptionist." Tr. 104-05.

Plaintiff complains generally that the ALJ did not appropriately consider obesity during the sequential process, but the written decision and supporting evidence reflects that the ALJ was well aware of the obesity even though he may not have specifically discussed its effect at each step of his analysis. Plaintiff has not identified any suggested impairment of her functioning caused by obesity that was not reflected in the sedentary RFC. There is no error in the ALJ's decision with respect to this issue. See Doss v. Barnhart, 137 Fed. Appx. 689 (5th Cir. 2005) (ALJ considered the medical evidence, including notations of physicians that the claimant was obese and that obesity contributed to her medical problems; ALJ adequately considered impact of obesity on ability to perform sedentary work).

**Issue Two: Depression**

ALJ Butler, when deciding an earlier application, found that among Plaintiff's severe impairments was major depressive and anxiety disorders. Tr. 35. In the more recent decision at issue in this case, he found that Plaintiff's depression was no more than a slight abnormality having such minimal effect on her that it would not be expected to interfere with her ability to work. Tr. 17. Had the depression been recognized as a severe impairment, it may have affected the RFC and likely would have precluded exclusive reliance upon the Guidelines at step five.

Plaintiff testified that she had anxiety attacks and depression. When asked if the conditions were helped by medication, she answered affirmatively but went on to say that she sometimes has to "take extra" to calm her down. She claimed she is not able to deal with stressful events and feels guilt and worthlessness stemming from her low self esteem. She said she could not return to work because of her back pain and her "nerves" and stress. Tr. 196-97.

The record contained no evidence that Plaintiff had ever received psychiatric treatment or inpatient care. Plaintiff was treated for depression by her primary care physician who prescribed anti-depressant medication. A psychiatric evaluation was performed at the Red River Mental Health Clinic by Jody Meek, M.D. Dr. Meek observed that Plaintiff reported worrying and some crying spells and had taken anti-depressant medications, but she had never been hospitalized. Dr. Meek diagnosed Plaintiff with depressive disorder, NOS,

and noted stressors such as Plaintiff's spouse, unemployment and financial worries. She assigned a GAF of 65, which indicates some mild symptoms such as depressed mood and mild insomnia or some difficulty in social, occupational or school functioning, but generally functioning pretty well and with some meaningful interpersonal relationships. Dr. Meek concluded that Plaintiff benefitted from her medication and did not meet the severity criteria for admission to the mental health clinic's program. Tr. 97-100.

The ALJ fairly summarized Dr. Meek's report, noted the lack of psychiatric treatment or inpatient care, and observed that Plaintiff's depression does not limit her daily activities or her ability to perform basic work activities. He then reached the conclusion noted above. Tr. 17.

Plaintiff complains that the ALJ did not complete a psychological review technique form ("PRTF") or follow the special technique set forth in the regulations for the assessment of mental impairments. The regulations provide in 20 C.F.R. § 416.920a that the agency will follow a special technique at each level in the administrative review process. A standard document must be completed at the initial and reconsideration levels, but at the ALJ and Appeals Council levels, the agency need only "document application of the technique in the decision." § 416.920a(e). At those levels, the written decision issued by the ALJ "must incorporate the pertinent findings and conclusions based on the technique" and "must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph (c) of this section." § 416.920a(e)(2). The functional areas mentioned are

activities of daily living; social functioning; concentration, persistence or pace; and episodes of decompensation. Under the current regulations, the PRTF is not mandated at the ALJ level so long as the decision incorporates the pertinent findings and conclusions based on the technique. Under a prior version of the regulations, some courts had held that the ALJ's failure to complete a PRTF was grounds for reversal and remand. Bloch on Social Security § 3:38 (Disability Based on Mental Condition).

The ALJ did not complete a PRTF, nor did he make specific findings with respect to the degree of limitation in each of the four functional areas. The omission could require reversal and remand in some cases, but that is not required in this case. The ALJ specifically discussed the only objective evidence on this issue and reached a conclusion that was fully supported by that evidence and adequately explained to permit meaningful judicial review. His failure to rigorously adhere to the regulation and discuss each of the four domains casts no doubt on the propriety of his decision and did not prejudice Plaintiff in this case. A remand, which would serve only a desire for procedural perfection, is not required.

**Issue Three: RFC for Sedentary Work**

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools. A sedentary job involves sitting, but a certain amount of walking and standing is often necessary to carry out job duties. A job is sedentary if walking and standing are required occasionally and other sedentary criteria are met. 20 C.F.R. §§ 404.1567(a) and 416.967(a). Social Security Ruling

83-10 explains that a job involves walking and standing "occasionally" if those tasks generally total no more than about 2 hours of an 8-hour workday, with the other six or so hours spent sitting. Curry v. Apfel, 209 F.3d 117, 123 (2d Cir. 2000).

Plaintiff argues that the evidence does not support a finding that she can sit for the time required by sedentary work. She points to treatment notes that indicated Plaintiff's back pain was relieved by therapy and lying flat and that pain was reported to increase with sitting. Also, Plaintiff testified that she has trouble sitting for more than thirty minutes to an hour at a time. When asked how long she could sit during a work day, she first said she had "no idea" but then estimated that she would "be hurting" after two hours. Tr. 190-91.

There was, on the other hand, Dr. Simonton's report and his conclusion that he saw no reason why Plaintiff could not perform the work of a secretary or receptionist, both of which generally involve a great deal of sitting. That report and his examination findings provide substantial evidence for the ALJ's decision that Plaintiff can perform the rather limited demands of sedentary work. The ALJ plainly recognized that Plaintiff suffers from pain, and he did not find or imply that Plaintiff would not experience some pain when she performed sedentary work, but the test for disability is not satisfied merely because a claimant cannot work without some pain or discomfort. Hames v. Heckler, 707 F.2d 162, 166 (5th Cir. 1983). With respect to Plaintiff's subjective complaints in her testimony, an ALJ's findings on credibility of the claimant and the debilitating effect of subjective symptoms, based on his first-hand observation of the claimant, are particularly within his

province and entitled to judicial deference. <u>Johnson v. Bowen</u>, 864 F.2d 340, 347 (5th Cir. 1988); <u>Falco v. Shalala</u>, 27 F.3d 160, 164 (5th Cir. 1994).

**Conclusion**

There is substantial evidence to support the Commissioner's decision, and none of the issues articulated on appeal require reversal or remand. Accordingly, a judgment affirming the Commissioner's decision to deny benefits will be entered.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE